UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23566-CIV-KING

AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY,

      Plaintiff,
v.

ZACHARY ZURICH,
RAMON GUEVARA,
ISIDRO GUILLAMA,
PRIME ESTATES INVESTMENTS AND
HOLDINGS, LLC,
NOTTING HILL, LLC, and
NOTTING HILL HOMES, LLC,

      Defendants.
      _____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss and Require Refiling of Claims in Two Separate Counts (DE #9), filed October 24, 2011. Plaintiff filed a Response (DE #21) on November 21, 2011. Upon review of the record and careful consideration, the Court finds that Defendants' Motion must be denied.

### I. LEGAL STANDARD

For the purposes of a motion to dismiss, the factual allegations and inferences in the Plaintiff's Complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *Young Apartments, Inc. v. Town of Jupiter*, 539 F.3d 1027, 1037 (11th Cir. 2008). A motion to dismiss does not test the merits of a case, but only requires

that "the plaintiff's factual allegations, when assumed to be true, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, courts determining the sufficiency of a complaint engage in a two-pronged analysis: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1950). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Id.*

## II. DISCUSSION

The above-styled case is an insurance coverage action seeking both a declaratory judgment regarding the extent of Plaintiff's obligations, if any, under a legal malpractice policy issued to Defendant Zachary Zurich for Zurich's non-legal, business pursuits, and money damages for defense fees and costs incurred in defending Zurich in two underlying state-court lawsuits. (DE #1). In the first action (the "2009 case"), Zurich filed suit against the other defendants to foreclose on a failed real estate venture in Polk

County, Florida. The other defendants then filed a third-party claim on July 20, 2010 against Zurich in that same action, alleging fraud in the inducement, negligent representation, breach of duty of care, loyalty, and fiduciary duties. On June 10, 2011, the other defendants filed a separate lawsuit (the "2011 case") against Zurich for professional negligence arising out of his involvement in the same Polk County real estate venture.

Defendants now move to dismiss Plaintiff's Complaint and "to require the filing of an Amended Complaint setting forth its request for Declaratory Judgment as to the requirement of defending and paying any judgments in the 2009 and 2011 cases . . . in two separate counts." (DE #9, at 1). Defendants contend that the Complaint must be dismissed, as the above-styled action involves separate claims or causes of action as to each pending state court proceeding. *Id.* at 2. In support of their Motion, Defendants cite only two cases, both of which stand for the proposition that separate claims should not be pled in one count.

Plaintiff's Complaint alleges a single cause of action for declaratory relief. It is divided into four separate counts, with each count addressing a distinct coverage defense that applies to both the underlying actions. Defendants argue that this is improper, as there are totally different factual and legal issues as to coverage in both lawsuits. *Id.* It is undisputed that the same insurance policy covers both lawsuits. Furthermore, the claims in both underlying lawsuits arise out of the same set of facts regarding Zurich's involvement in the Polk County real estate venture. Thus, the factual and legal issues

relevant to the issue of coverage are materially identical.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED and DECREED** that Defendants' Motion to Dismiss and Require Refiling of Claims in Two Separate Counts **(DE #9)** is **DENIED.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 2nd day of December, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: *All counsel of record*

4